**JS-6**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| ANTHONY DION JEFFERSON, | Case No. CV 20-09146-MWF (AS) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RAYMOND MADDEN, | |
| Respondent. | |

**BACKGROUND**

On October 5, 2020, Anthony Dion Jefferson ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket Entry No. 1). Petitioner challenges his 1994 "felony murder" conviction, in Los

Angeles County Superior Court (Case No. BA042241).[1]

Petitioner contends that the California courts erred in not granting Petitioner's Petition for Resentencing pursuant to California Penal Code § 1170.95, in violation of Petitioner's rights under the Sixth and Fourteenth Amendments. (See Petition at 17-19).[2]

On March 14, 2000, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, challenging the same conviction. See Anthony Dion Jefferson v. Larry Small, Case No. CV 00-02683-JSL (MN); Docket Entry No. 1. Petitioner subsequently filed a First Amended Petition on April 5, 2000, and (following the Court's dismissal of the First Amended Petition with leave to amend), a Second Amended Petition on May 12, 2020. (Id.; Docket Entry No. 5). On October 5, 2000, the district court issued an Order and Judgment dismissing the action with prejudice as untimely, in accordance with the findings, conclusions and recommendations of the Magistrate Judge. (Id.; Docket Entry Nos. 22-23). On October 30,

---

[1] The Court takes judicial notice OF Petitioner's other federal habeas cases -- Anthony Dion Jefferson v. Larry Small, Case No. CV 00-2683-JSL (MAN) and Anthony Dion Jefferson v. Silvia Garcia, Case No. CV 03-6312-JSL (MAN). Petitioner was convicted of one count of first degree murder, two counts of kidnapping, two counts of first degree burglary, one count of first degree robbery, two counts of rape, and one count of rape with a foreign object.

[2] The Court refers to page numbers using the ECF numbering system.

2

2000, the district court denied Petitioner's petition for a certificate of appealability. (Id.; Docket Entry No. 25). On December 21, 2000, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability.[3] On June 25, 2001 and October 1, 2001, the United States Supreme Court denied Petitioner's petition for a writ of certiorari. (See id.; Docket Entry No. 5 at 3).

On September 4, 2003, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, challenging the same conviction. See Anthony Dion Jefferson v. Silvia Garcia, Case No. CV 03-06312-JSL (MAN); Docket Entry No. 1). On October 8, 2003, the district court dismissed that habeas petition without prejudice as an unauthorized second or successive petition, (id.; Docket Entry Nos. 5-6), and on October 28, 2003, denied petitioner a certificate of appealability. (Id.; Docket Entry No. 8). On January 20, 2004, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability, and denied Petitioner's motion for reconsideration on February 11, 2004, denied . (Id.; Docket Entry Nos. 13, 15). Petitioner's subsequent applications for authorization to file a second or successive petition were denied by the Ninth Circuit Court of Appeals on April 15, 2004, and August 12, 2008. (Id.; Docket Entry Nos. 16-17).

---

[3] See Anthony Dion Jefferson v. Silvia Garcia, Case No. CV 03-06312-JSL (MAN); Docket Entry No. 5 at 2-3.

# DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-

>    judge panel of the court of appeals.
>
>    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
>    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
>    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.
>
>    (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.  28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court.  The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.  § 2244(b)(3)(A)."  Felker v. Turpin, 518 U.S. 651, 657 (1996).

The instant Petition, filed on October 5, 2020, and the prior habeas actions challenge Petitioner's custody pursuant to the same 2014 judgment entered by the Los Angeles County Superior Court. Accordingly, the instant Petition is a second or successive habeas petition for purposes of 28 U.S.C. § 2244.  Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition.  See 28 U.S.C. §2244(b)(3)(A).

No such authorization has been obtained in this case.

Moreover, the claim asserted in the instant Petition does not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claim is not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001). However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 157 (2007)(where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000)("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced.").

Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton, 549 U.S. at 157.

///

///

6

**ORDER**

Accordingly, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   October 9, 2020

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE